## Ambrose J. Aurand v. Eva Aurand.

1. SEPARATE MAINTENANCE—*Allowance Not to be Extravagant.*— Decrees for separate maintenance should not be such as to encourage, by hopes of higher and easier living, the bringing of suits therefor.

Memorandum.—Bill for divorce and cross-bill for separate maintenance. In the Circuit Court of Cook County; the Hon. ABNER SMITH, Judge, presiding. Decree on cross-bill; appeal by complaint in the original bill. Heard in this court at the October term, 1894. Reversed and remanded with directions. Opinion filed December 6, 1894.

Aurand v. Aurand.

### Statement of the Case.

Appellant, the husband of appellee, filed a bill asking for a divorce from her. She having answered the bill, denying the charges thereof, filed a cross-bill asking for a separate maintenance.

It was undisputed that appellant had gone away from and ceased to live with her. When he did so, he left with her all the furniture and belongings of the home and from $1,000 to $1,300 in money.

Appellant is a railway conductor earning $125 per month; he is also the owner of ten acres of land in Florida, for which he paid $1,350, and from which he derives no income.

The parties had not any children.

The court found that the allegations of his bill were not sustained; and that she was living separate and apart from him without her fault; thereupon the court awarded to her the sum of $50 per month as alimony, and that he pay to her solicitors as part of the costs in the case the sum of $150.

From this decree he prosecutes this appeal.

Appellant's Brief, Stephen K. Albright and William H. Martz, Attorneys.

It is not the policy of the law that any person shall be kept in sumptuous idleness at the expense of another, but that each individual shall contribute to their own support, and no premium will be placed upon proceedings of this character, by making large and extravagant allowances, thus permitting the applicant to live in idleness and luxury. Schwartz v. Schwartz, 29 Ill. App. 516; Small v. Small (Neb.), 45 N. W. Rep. 248; Vert v. Vert (S. D.), 54 N. W. Rep. 655; Young v. Young (Ky.), 15 S. W. Rep. 780; Rogers v. Rogers (Cal.), 31 Pac. Rep. 157; Reed v. Reed (Mich.), 49 N. W. Rep. 587; Gilbert v. Gilbert, 1 N. Y. S. 534; Robinson v. Robinson (Cal.), 21 Pac. Rep. 1095; 79 Cal. 511; Potts v. Potts (Mich.), 36 N. W. Rep. 240; Umlauf v. Umlauf, 22 Ill. App. 580; Harding v. Harding, 40 Ill. App. 202; Morse v. Morse, 25 Ind. 156; Kenemer v. Kenemer, 26 Ind. 330; Logan

v. Logan, 2 B. Mon. (Ky.) 142; Gaines v. Gaines, 9 B. Mon.
(Ky.) 295; Brown v. Brown, 22 Mich. 242; Stevens v. Stevens,
49 Mich. 504; Porter v. Porter, 41 Miss. 116; Willing v.
Willing, 16 N. J. 389; Westfield v. Westfield, 36 N. J. Eq.
195; Collins v. Collins, 80 N. Y. 1; Maxwell v. Maxwell, 28
Hun (N. Y.) 566; Hoffman v. Hoffman, 7 Robt. (N. Y.) 474;
Miller v. Miller, 75 N. C. 70; Lishey v. Lishey, 2 Tenn. Ch. 1;
Coad v. Coad, 40 Wis. 392; Turner v. Turner, 44 Ala. 473;
Pinckard v. Pinckard, 22 Ga. 31.

E. S. MURPHY, attorney for appellee.

MR. PRESIDING JUSTICE WATERMAN DELIVERED THE OPIN-
ION OF THE COURT.

The evidence is not such as to justify our interfering
with the finding of the Circuit Court as to the merits of the
case, while we are of the opinion that $50 per month as
alimony was too large an allowance.

It appears that this sum will maintain appellee, without
exertion on her part, in a style of living better than she
enjoyed when living with appellant.

Decrees for separate maintenance should not be such as
to encourage, by hopes of higher and easier living, the
bringing of suits of this kind.

It does not appear that appellant's Florida land has any
particular value; it brings in no income, and may never do so.
At present it is only a source of expense, and that expense is
in part for the benefit of appellee, who retains her dower
interest in it.

Appellant is compelled to keep at work to earn the
alimony, while appellee is enabled to live in idleness.

Following the conclusion arrived at in Umlauf v. Umlauf,
128 Ill. 378, we are of the opinion that $50 per month is,
out of an income of $125 per month, derived only by con-
stant labor, too large an allowance.

We think that in this case the allowance of alimony
should not exceed the sum of $30 per month. The decree
of the Circuit Court will, therefore, be set aside and the

cause remanded to that court with directions to so modify its decree as to make the award of alimony $30 per month. In all other respects the decree of the Circuit Court is affirmed.

The costs made in this court will be taxed against the parties respectively, by whom such costs were incurred. Decree modified.